IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT F. PETTY :
:
v. :
: Civil Action No. CCB-10-694
EQUIFAX INFORMATION :
SERVICES, LLC, *et al.* :

...o0o...

# MEMORANDUM

Pending before this court is a motion to dismiss filed by defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union"). Robert F. Petty has sued the defendants, alleging violations of the Fair Credit Reporting Act (FCRA). The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the defendants' motion to dismiss will be granted.

# BACKGROUND

Mr. Petty has alleged the following facts. Until 2005, Mr. Petty was married to Tamara Petty ("Ms. Petty"). (Am. Compl. ¶8.) During their marriage, they acquired various joint accounts. On September 28, 2005, the Circuit Court for Anne Arundel County, Maryland granted Mr. Petty an absolute divorce from Ms. Petty. (*Id*.) Under the parties' separation agreement, which was incorporated under the divorce decree, Ms. Petty agreed to assume liability for three joint accounts, as well as to completely indemnify and hold Mr. Petty harmless for debts on those accounts. (*Id*.) These debts, as of the date the amended complaint was filed, were held by Citgo/CBSD ("the Citgo Account"), the Pentagon Federal Credit Union ("the

Pentagon Account"), and Aaron Delgado & Associates, a debt collection company ("the ADA Account").[1]  (*Id*. ¶¶8-9, 11.)

In or around September 2009, Mr. Petty discovered that on credit reports issued by the three consumer reporting agencies (CRAs)—defendants Equifax, Experian and Trans Union—the debts were still reflected as normal joint debts, without reference to the indemnification agreement incorporated under the divorce decree.  (*Id*. ¶10.)  On September 26, 2009, Mr. Petty, through his counsel, Mr. Jason Ostendorf, sent letters to Equifax, Experian and Trans Union, as well as to the holders of the debts, stating that Mr. Petty's credit file for the three accounts included "inaccurate information" with respect to each of the three debts.  (Defs.' Reply, Ex. 1.)[2]  The letters stated, "Specifically, Mr. Petty is not liable for and has no connection with the debts, in that the [divorce decree] made it crystal clear that Mr. Petty's ex-wife . . . is solely responsible for the debts."  (*Id*.)  With the letters were enclosed the divorce decree and separation agreement.  (*Id*.)  In light of the alleged "inaccurate information," Mr. Petty's counsel demanded that the defendants reinvestigate the debts pursuant to 15 U.S.C. §1681i and "delete the above inaccurate information[,] meaning all references to the debts, from Mr. Petty's report."  (*Id*.)

Petty alleges "upon information and belief" that after the notices were sent, ADA and Citgo "instructed the three credit agencies to remove the information, admitting it was inaccurate or not complete and accurate."  (Am. Compl. ¶14.)  Despite receiving Petty's letter alleging that

---

[1] The ADA account was originally held by "Trinity Lutheran," and then by Your Collection Company Inc., before ADA acquired the debt after YCC dissolved.  (Am. Compl. ¶9.)
[2] The letters quoted here are those Mr. Petty's counsel sent to the defendants, and which defendants attached to their reply memorandum.  A court may consider a document not attached to the complaint, without converting the motion to one for summary judgment, "if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity."  *CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).  Here, the plaintiff explicitly relied on the letters in his complaint, stating that his counsel sent the letters on September 26, 2009, and describing the contents of the letters.  In addition, the plaintiff has not challenged the authenticity of the letters.  Accordingly, the court will consider the September 2009 letters in evaluating the defendants' motion to dismiss.

the information in the credit report was inaccurate, the defendant CRAs did not delete or modify the information. (*Id*. ¶16.)

Petty now concedes that the information included in the credit reports was not inaccurate: despite the divorce decree, Mr. Petty remains liable on the debt. (Pl.'s Mem. at 1.) Nonetheless, he alleges that the defendants are liable under the FCRA because the CRAs failed to properly reinvestigate the Pentagon Account debt, and also failed to modify his credit reports to include information about his right to indemnification on the debt. (Am. Compl. ¶18.) In addition, he alleges that Experian violated the FCRA in the same ways with respect to the ADA Account debt. (*Id*.) The entries for the joint debts in his credit report, Mr. Petty argues, should have noted that he was entitled to indemnification because "a debtor who can claim complete indemnification poses less of a risk than a debtor who cannot." (*Id*. ¶18.2.) Therefore, he alleges, the credit reports were not "complete," and thus the defendants violated the "reinvestigation" duty imposed under 15 U.S.C. § 1681i(a)(5)(A).

Mr. Petty also alleges that Equifax and Trans Union violated the notification duty imposed by 15 U.S.C. § 1681i(a)(6) because neither CRA "provided Mr. Petty with the results of an investigation into the completeness or accuracy" of the three debts listed above. (Am. Compl. ¶19.)

## STANDARD OF REVIEW

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the

3

complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## ANALYSIS

The FCRA imposes duties on three types of persons or entities: consumer reporting agencies (CRAs), which assemble and provide consumer reports, 15 U.S.C. § 1681a(f); furnishers, which are companies, usually creditors or debt collectors, that provide information to CRAs; and users of the reports generated by CRAs. One of the duties imposed on CRAs is the "reinvestigation" duty. *See* 15 U.S.C. § 1681i ("Procedure in case of disputed accuracy"). Where a consumer "dispute[s]" "the completeness or accuracy of any item of information contained in a consumer's file," and "notifies the agency . . . of such dispute," the agency must

"conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Id.* § 1681i(a)(1)(A). If during the reinvestigation "an item of the information is found to be inaccurate or incomplete or cannot be verified," the agency must "delete that item of information from the file of the consumer, or modify that item of information, as appropriate." *Id.* § 1681i(a)(5)(A)(i). Moreover, irrespective of the results of the reinvestigation, within thirty days of receiving notice from the consumer the CRA must "record the current status of the disputed information, or delete the item from the file." *Id.* § 1681i(a)(1)(A). The CRA must also provide notice to the consumer of the results of a reinvestigation within five business days of completing the reinvestigation. *Id.* § 1681i(a)(6). If the CRA modifies or deletes any information in the credit file, it must also notify the furnisher of that information of the change. *Id.* § 1681i(a)(5)(A)(ii).

The Act creates a private right of action against a consumer reporting agency for the negligent, *id*. § 1681o, or willful, *id*. § 1681n, violation of any duty imposed under the statute, including the duty to reinvestigate under § 1681i(a). For either a negligent or willful violation of a duty under the Act, the consumer reporting agency is liable for the consumer's "actual damages" and the costs of the action together with reasonable attorney's fees. 15 U.S.C. §§ 1681n, 1681o. Where the agency acts willfully, punitive damages are also available. *Id*. at § 1681n.

As stated above, a CRA's liability under § 1681i is triggered only when "the completeness or accuracy [of the information] . . . is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute." *Id.* § 1681i(a)(1)(A). The statute requires that a consumer notify a CRA of the existence and nature of a dispute for an obvious reason: Without notice of a consumer's dispute, including an explanation of why a consumer believes his or her

5

report is inaccurate or incomplete, a CRA generally would not know what information to reinvestigate, how to reinvestigate it, or whether upon reinvestigation the information is indeed inaccurate or incomplete. Thus, if a consumer later sues a CRA for a violation of its reinvestigation duty under §1681i(a), he or she may only sue based on alleged violations of which the consumer provided notice to the CRA. If the consumer raises additional alleged violations in his or her lawsuit for which the consumer had not previously provided notice of the dispute to the CRA, those claims must be dismissed. *See, e.g.*, *Herisko v. Bank of America*, 367 Fed. App'x 793, 794 (9th Cir. 2010)[3] (granting summary judgment to defendants Experian and Bank of America because the plaintiff's complaint alleged an inaccuracy different from the inaccuracy referred to in the plaintiff's dispute letter; therefore, the inaccuracy alleged in the complaint was "insufficient to trigger Experian's duty under § 1681i"); *Wickstrom v. Experian*, 2010 WL 2651303, *5 (W.D. Mich. 2010) (granting summary judgment to Experian on claimed inaccuracies for which the "[p]laintiff's correspondence lacked sufficient clarity to provide notice to defendant that he was claiming that there were other inaccuracies and that he was demanding that they be corrected); *Kettler v. CSC Credit Service, Inc.*, 2003 WL 21975919, *2 (D. Minn. 2003) ("Kettler failed to explain the situation to Defendants in a way that would have allowed them to investigate her claim and reach the result she desired. Rather than merely insisting that she had never filed for bankruptcy, she should have explained that her husband filed for bankruptcy and mistakenly listed these debts as his. This information would have allowed Defendants to fully investigate Kettler's contentions and might have alerted Defendants to the necessity of inquiring as to the accuracy of the public bankruptcy records.").

      Here, when Mr. Petty originally disputed the report entries for the three accounts, his counsel complained that the entries were "inaccurate." Mr. Petty, the letters stated, "is not liable

---

[3] Unpublished cases are cited not as precedent but for the persuasiveness of their reasoning.

for and has no connection with the debts"; rather, Ms. Petty "is solely responsible for the debts." (Defs.' Reply, Ex. 1.) Given the alleged inaccuracy of the entries, Mr. Ostendorf demanded that the CRAs "delete . . . all references to the debts" from Mr. Petty's report. (*Id.*) Similarly, in Mr. Petty's original complaint in this court, he alleged the entries were "inaccurate" because the separation agreement "made it clear that the . . . three debts were assigned exclusively to Ms. Petty, making Ms. Petty the sole debtor." (Compl. ¶9, Docket Entry No. 5.) In other words, Mr. Petty's original dispute was that his consumer report was inaccurate because he was not liable on the three debts at all, and so the entries should be deleted.

Mr. Petty now concedes that the credit reports were not inaccurate. (Pl.'s Mem. at 1.) Instead of voluntarily dismissing the complaint, however, he filed an amended complaint alleging that the defendants violated their reinvestigation duty because the credit report entries for the joint debts were *incomplete*. The defendants, Mr. Petty alleges, should have included a notation in his file that if held liable on the debts, Mr. Petty would be entitled to full indemnification from Ms. Petty. (Am. Compl. ¶16.) Such a notation is necessary, he argues, because "a debtor who can claim complete indemnification poses less of a risk than a debtor who cannot." (*Id.* ¶18.2.)[4]

It is true that under the FCRA a CRA may be liable when it fails to modify information that is incomplete, not just information that is inaccurate. 15 U.S.C. § 1681i(a)(5)(A)(i). In such cases, a CRA is liable under §1681i where the omitted information rendered the existing report entry "misleading in such a way and to such an extent that it can be expected to have an adverse effect [on credit decisions]." *See Saunders v. Branch Banking And Trust Co. of Va.*, 526 F.3d

---

[4] Mr. Petty's counsel provides no support for this assertion.

142, 148 (4th Cir. 2008) (citations and alterations omitted).[5] The alleged incompleteness of the consumer reports, however, is irrelevant because Mr. Petty never notified the CRAs that he believed the reports were incomplete.

Here, Mr. Petty's dispute letters complained that the information was inaccurate because Ms. Petty "is solely responsible for the debts," and thus Mr. Petty is not liable on those debts. The letters did not complain that the information was incomplete because the credit reports did not mention the Pettys' indemnification agreement; indeed this theory did not appear until the amended complaint was filed in this case. As a result, the defendants were never under a duty to reinvestigate whether the report was incomplete based on the omission of a reference to the indemnification agreement. Therefore, they cannot be liable under §1681i(a)(1)(A) for failure to reinvestigate, under §1681i(a)(5)(A)(i) for failure to delete or modify the information, or under §1681i(a)(6) for failure to notify Mr. Petty of the results of a reinvestigation. Mr. Petty has not stated a claim on which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss will be granted.

    October 25, 2010                                    /s/
Date                                                  Catherine C. Blake
                                                          United States District Judge

---

[5] While *Saunders* involved a claim against a furnisher, rather than a CRA, the FCRA imposes on furnishers and CRAs the same "standard of accuracy," CRAs under § 1681e and furnishers under § 1681s-2. *Saunders*, 526 F.3d at 148 n.3. Both sections "serve the same purpose: ensuring accuracy in consumer credit reporting." *Id*. Just as furnishers must report to a CRA when it finds that information it had previously reported is "incomplete or inaccurate," 15 U.S.C. § 1681s-2(b)(1)(D), CRAs must delete or modify information in a consumer report that a reinvestigation reveals is "inaccurate or incomplete or cannot be verified. *Id*. § 1681i(a)(5)(A).